**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**CRISTIAN MONTECINO SANZANA,**<br><br>**Defendant.** | **Case No. 25-cr-141 (TNM)** |

**GOVERNMENT'S STATEMENT OF OFFENSES**
**IN SUPPORT OF GUILTY PLEA AND GUIDELINES CALCULATION**

I.   **Summary of Plea Agreement**

The defendant, Cristian Montecino-Sanzana, agrees to admit guilt and enter a plea of guilty to Counts One and Two of the Superseding Information.   Count One charges him with Wire Fraud and Aiding and Abetting in violation of 18 U.S.C. §§ 1343, 2.   Count Two charges him with Attempt to Commit Robbery in violation of 22 D.C. Code §§ 2801, 2802

II.   **Elements of the Offenses**

The elements of Count 1, Wire Fraud and Aiding and Abetting each of which the Government must prove beyond a reasonable doubt, are that:

Aiding and Abetting in violation of 18 U.S.C. § 2:

1. Mr. Montecino-Sanzana knowingly associated themselves with the commission of the crime, here, Wire Fraud in violation of 18 U.S.C. § 1343;

2. Mr. Montecino-Sanzana participated in the crime as something they wished to bring about; and

3. Mr. Montecino-Sanzana intended by their actions to make it succeed.

1

<u>Wire Fraud in violation of 18 U.S.C. § 1343.</u>

1. Mr. Montecino-Sanzana devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises (or willfully participated in such a scheme with knowledge of its fraudulent nature);

2. Mr. Montecino-Sanzana acted with the intent to defraud; and

3. That in advancing, furthering, or carrying out the scheme, Mr. Montecino-Sanzana transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

The elements of Count 2, Attempt to Commit Robbery, in violation 22 D.C. Code §§ 2801, 2802, each of which the Government must prove beyond a reasonable doubt, are that:

1. Mr. Montecino-Sanzana committed an act which was reasonably designed to commit the crime of robbery;

2. Mr. Montecino-Sanzana intended to commit a robbery; and

3. Mr. Montecino-Sanzana did more than prepare to commit the crime. His act must have come dangerously close to committing the crime of robbery.

The elements of Robbery, in violation of 22 D.C. Code § 2801, each of which the Government must prove beyond a reasonable doubt, are that:

1. Mr. Montecino-Sanzana took property from H.G.;

2. Mr. Montecino took the property from the immediate actual possession of H.G., or from H.G.'s person;

2

3. Mr. Montecino-Sanzana did so against the will of H.G.;

4. Mr. Montecino-Sanzana used force or violence to take the property, by taking the property by sudden or stealthy seizure or by snatching;

5. Mr. Montecino-Sanzana carried the property away;

6. Mr. Montecino-Sanzana took the property without right to it and intending to steal it; and

7. The property had some value.

## III.    Penalties for the Offenses

The penalties for Wire Fraud, in violation of 18 U.S.C. § 1343 are:

1.    A term of imprisonment of not more than twenty years;

2.    A fine not to exceed $250,000, or twice the pecuniary gain or loss of the offense;

3.    A term of supervised release of not more than three years; and

4.    A special assessment of $100.

The penalties for Attempt to Commit Robbery in violation 22 D.C. Code § 3212(a)(1)(B)(i): *§ 901, & 902:*   *CDH, BAH, C M S*

1.    A term of imprisonment of not more than three years;

2.    A fine not to exceed $12,500;

3.    A term of supervised release of not more than three years; and

4.    A special assessment of $100.

United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of imprisonment and any term of supervised release and/or probation.

## III.    Factual Proffer

3

Had this case gone to trial, the Government's evidence would have proven the following:

Beginning by at least April 12, 2025, and continuing until at least April 15, 2025, in the District of Columbia and elsewhere, the defendants, **MARIO BUSTAMANTE LEIVA** and **CRISTIAN MONTECINO-SANZANA**, did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises; specifically, **BUSTAMANTE LEIVA** and **MONTECINO-SANZANA** would target diners at restaurants in the District of Columbia and elsewhere, stealthily steal their purses, and make fraudulent purchases using the diner's stolen credit cards.

It was a purpose of the scheme for the defendants, **BUSTAMANTE LEIVA** and **MONTECINO-SANZANA**, to enrich themselves by robbing unsuspecting diners of their belongings and making fraudulent purchases using the diners' credit cards.

The manner and means by which the defendants, **BUSTAMANTE LEIVA** and **MONTECINO-SANZANA**, carried out the scheme included, but were not limited to, the following:

      a. Stealthily stealing purses that contained wallets and credit cards from unsuspecting diners at restaurants in Washington, D.C.;

      b. Making unauthorized purchases using stolen credit cards, including the purchase of pre-paid gift cards; and

      c. Making purchases using the pre-paid gift cards that were fraudulently obtained by the defendants using stolen credit cards.

### The April 12, 2025, Robbery

On April 12, 2025, **BUSTAMANTE LEIVA** and **MONTECINO-SANZANA**, entered the Nando's Restaurant, located at 836 F Street NW, Washington, D.C., and, working in concert,

4

stealthily seized a purse belonging to H.G. **BUSTAMANTE LEIVA** and **MONTECINO-SANZANA** then proceeded to exit Nando's with H.G.'s purse, which contained items belonging to H.G., including a credit card. **BUSTAMANTE LEIVA** and **MONTECINO-SANZANA** took H.G.'s purse without right to it and intending to steal it.

On April 12, 2025, **BUSTAMANTE LEIVA** and **MONTECINO-SANZANA** traveled together to the Safeway located at 490 L Street NW, Washington, D.C., where **MONTECINO-SANZANA** used a credit card belonging to H.G. to make an unauthorized purchase of a $500 Visa gift card ending in 9034 for $507.95, causing a digital transmission to conduct the transaction. Following this purchase, **BUSTAMANTE LEIVA** and **MONTECINO-SANZANA** departed the Safeway.

Between April 12, 2025, and April 15, 2025, **BUSTAMANTE LEIVA** and **MONTECINO-SANZANA** made approximately $462 in purchases using the fraudulently acquired Visa gift card. These included the following purchases:

a. On April 12, 2025, **BUSTAMANTE LEIVA** and **MONTECINO-SANZANA** paid for a hotel stay at the Motel 6 located at 6711 Georgia Avenue NW, Washington, D.C. This purchase was in the amount of $275.99.

b. On April 14, 2025, **BUSTAMANTE LEIVA** and **MONTECINO-SANZANA** paid for a hotel stay at the Quality Inn located at 7212 Richmond Highway, Alexandria, VA. This purchase was in the amount of $243.94.

c. On April 15, 2025, **BUSTAMANTE LEIVA** and **MONTECINO-SANZANA** added value to a SmarTrip card at the King Street Metro station in Alexandria, VA. These purchases were in the amounts of $10.00 and $6.00.

d. On April 15, 2025, **BUSTAMANTE LEIVA** and **MONTECINO-SANZANA** made at least one purchase at the 7-Eleven located at 3100 Lockheed Boulevard, Alexandria, VA. This purchase was in the amount of $0.07.

On or about the date set forth above, in the District of Columbia and elsewhere, **BUSTAMANTE LEIVA** and **MONTECINO-SANZANA**, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowingly and intentionally transmitted and caused to be transmitted signals by means of wire communications in interstate commerce.

American Express Company is an American bank holding company and financial service corporation that provided credit card services. American Express's servers were located in Phoenix, Arizona. A signal was transmitted across state lines to those servers when a transaction was made using an American Express credit card outside of Arizona.

InComm Financial Services, Inc., provided payment processing services for pre-paid gift cards, including Visa gift cards and National Core Amex gift cards. All activations and transactions on InComm products were processed and authorized from InComm's servers in Atlanta, Georgia, meaning a signal was transmitted across state lines to those servers when an activation and transaction was made outside of Georgia.

6

The following statement of facts does not purport to include all the defendant's illegal conduct. It is intended to represent sufficient information for the Court to find a factual basis for accepting the defendant's guilty plea.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

/s/ Benjamin Helfand
Benjamin Helfand
D.C. Bar No. 1658708
Assistant United States Attorney
United States Attorney's Office
601 D Street, NW
Washington, DC 20530

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea to Counts 1 and 2 of the Information, charging me with Wire Fraud and Aiding and Abetting in violation of 18 U.S.C. §§ 1343, 2 and Attempt to Commit Robbery in violation of 22 D.C. Code §§ 2801, 2802. I have discussed this proffer fully with my attorney, Carmen Hernandez. I fully understand this proffer and I acknowledge its truthfulness, agree to it, and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 11/21/25

Cristian Montecino Sanzana
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the Government's proffer of evidence related to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 11/21/25

Carmen Hernandez, Esq.
Attorney for Defendant

8